**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Juan Villanueva PRONES, also
known as Gustavo Aguirre,
Defendant–Appellant.**

No. 05–10143.
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Decided Aug. 23, 2005.

Delonia Anita Watson, U.S. Attorney's Office, Northern District of Texas, Fort Worth, TX, for Plaintiff–Appellee.

---

Christopher Allen Curtis, Federal Public Defender's Office, Northern District of Texas, Fort Worth, TX, for Defendant–Appellant.

Before JONES, WIENER, and DeMOSS, Circuit Judges.

PER CURIAM: *

Juan Villanueva Prones appeals the sentence imposed following his guilty-plea conviction for illegal reentry after deportation in violation of 8 U.S.C. § 1326(a) and (b)(2). He argues that the district court's enhancement of his sentence under United States Sentencing Guidelines § 2L1.2(b)(1)(C) violated *United States v. Booker*, —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). He also argues that considering his prior state conviction as an aggravated felony under U.S.S.G. § 2L1.2(b)(1)(C) was an erroneous application of the federal sentencing guidelines.

We review Prones's first issue de novo. *See United States v. Pineiro*, 410 F.3d 282, 285 (5th Cir.2005). The government concedes that Prones preserved a *Booker* error but argues that because the district court expressly refused to run the appellant's 24–month guidelines sentence concurrently with his state court sentence, there could not have been harmful error. Under the circumstances of this case, the district court's conscious decision not to award a concurrent sentence persuades us that any *Booker* error was harmless beyond a reasonable doubt. *United States v. Mares*, 402 F.3d 511, 518 (5th Cir.2005).

We review Prones's second issue for plain error. *United States v. Gracia–Cantu*, 302 F.3d 308, 310 (5th Cir.2002). Prones concedes that his second argument is foreclosed by circuit precedent, and he raises it to preserve it for possible further review by this court en banc or by the Supreme Court. The argument is foreclosed. A state felony conviction for simple possession of a controlled substance is an aggravated felony for U.S.S.G. § 2L1.2 purposes, even though such a conviction is a misdemeanor under federal law. *See Hinojosa–Lopez*, 130 F.3d at 693–94. *Jerome v. United States*, 318 U.S. 101, 63 S.Ct. 483, 87 L.Ed. 640 (1943), does not affect this court's binding precedent. Accordingly, Prones's sentence is AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR R. 47.5.4.